**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CARY A. ZOLMAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 4:17-cv-989** |
| **v.** | § | |
| | § | |
| **MARK SULLIVAN and ADRIENNE** | § | |
| **SULLIVAN, FEDERAL NATIONAL** | § | |
| **MORTGAGE ASSOCIATION ("FANNIE** | § | |
| **MAE"), SETERUS, INC., and 1 OR 2** | § | |
| **JOHN DOES** | § | |
| | | |
| **Defendants.** | | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a), Defendants Federal National Mortgage Association ("Fannie Mae") and Seterus, Inc. ("Seterus" and together with Fannie Mae as "Defendants") file this notice of the removal of this action from the 96th Judicial District Court for Tarrant County, Texas. Defendants submit this Notice in support of their removal. Removal is based on the ground that diversity jurisdiction exists over this action because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00. Defendants respectfully show as follows:

## INTRODUCTION

1.     On or about September 21, 2017, Plaintiff originally filed this suit, bearing Cause No. 096-295070-17 and styled *Cary A. Zolman v. Mark Sullivan and Adrienne Sullivan, et al.* in the 96th Judicial District Court for Tarrant County, Texas (the "State Court Action"). A true and correct copy of the Docket Sheet from the State Court Action is attached hereto as Exhibit-A.  In accordance with 28 U.S.C. Section 1446(a), copies of all process, pleadings, and

orders served in the State Court Action, including the Petition, are attached hereto within the contents of Exhibit-B.

2.      The allegations in the Amended Petition relate to a deed of trust and foreclosure proceedings on Plaintiff's real property located at 668 Bear Creek Drive, Hurst, Texas 76054 (the "Subject Property").  (*See Pl's Pet.* at ¶¶ 15-45).   In the Petition, Plaintiff asserts the following claims: (1) The Atterstrom Consulting Group had No License to be a Lender in Texas; (2) No Jurisdiction to Foreclose; (3) Sullivans are not Bona Fide Purchasers; (4) Fraud; (5) Unjust Enrichment; and (6) Declaratory Judgment. (*See Pl's Pet.* at ¶¶ 46-117). For these alleged wrongs, Plaintiff seeks a declaration from the Court that Plaintiff is the "sole owner of the property and title is vested in him and his wife." (*Id.* at ¶¶ 11-12).

3.      This Notice of Removal is timely because thirty (30) days have not expired since either Defendant was properly served, making removal proper in accordance with 28 U.S.C. Section 1446(b).

4.      This action is removable to federal court pursuant to 28 U.S.C. Section 1441 because it could have been filed originally in this Court pursuant to the diversity jurisdiction conferred by 28 U.S.C. Sections 1331 and 1332.

## BASIS FOR REMOVAL – DIVERSITY JURISDICTION

### A.      There is complete diversity among all parties.

5.      There is diversity jurisdiction in this Court because there is complete diversity of citizenship between Plaintiff and Defendants, and more than $75,000 is in controversy, exclusive of interest and costs.  *See* 28 U.S.C. § 1332.

6.      Plaintiff is a citizen of Texas. (*See Pl's Pet.* at ¶¶ 1-2).

7.      Fannie Mae is a government-sponsored enterprise existing under the laws of the United States of America with its principal place of business in Washington, District of

Columbia ("D.C."). Fannie Mae is deemed to be a D.C. corporation. 12 U.S.C. § 1717(a)(2)(B).

Therefore, Fannie Mae is a citizen of D.C.

8.      Defendant Seterus, Inc. is a Delaware corporation with its principal place of business in North Carolina, making it a citizen of Delaware and North Carolina for diversity purposes.

9.      Defendants Mark Sullivan and Adrienne Sullivan (the "Sullivans") are residents of Texas and reside at 701 Trails End Circle, Hurst, Texas 76054. Although, the Sullivans, like Plaintiff, are residents of Texas, they have been improperly joined as defendants.

10.     Improper joinder constitutes a narrow exception to the rule of complete diversity required for removal. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). The citizenship of a non-diverse defendant may be disregarded for the purpose of analyzing complete diversity if that non-diverse defendant was improperly joined. *Id.* To establish that a defendant was improperly joined, the removing party must show either: "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the nondiverse party in state court.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

11.     The Plaintiff has alleged in his Original Petition that the Sullivans were not bona fide purchasers of the Property because the Property was encumbered by IRS liens. (*See Pl's Pet.* at ¶¶ 78-85).

12.     To predict whether a plaintiff has a reasonable basis of recovery under state law, the Court may either: (1) conduct a Rule 12(b)(6)-type of analysis to determine whether the allegations in Plaintiffs' state court petition state a claim under the applicable state law against

the non-diverse defendants; or (2) pierce the pleadings and conduct a summary inquiry to identify the presence of discrete and undisputed facts that would preclude Plaintiffs' recovery against the in-state defendants. *Gibson v. Liberty Ins. Corp.*, No. 3:16-CV-3099-B, 2017 U.S. Dist. LEXIS 120773, at *15-16 (N.D. Tex. July 31, 2017) (citing *Smallwood*, 385 F.3d at 573-74.) The latter approach, however, is disfavored, as it "carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits." *Id.*

13.     To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

14.     In this instance, the claim against the Sullivans is not plausible. The Plaintiff argues that the Sullivans were not bona fide purchasers because there were IRS liens filed against the Property.   (*Pl's Amd. Pet.* at ¶¶78-84). Plaintiff's claim is not legally feasible because "bona fide purchaser" status is an affirmative defense, not a cause of action to be asserted against a third-party. *See Patton St. Corp. v. Nab Asset Venture II, L.P.*, NO. 01-00-00144-CV, 2002 Tex. App. LEXIS 1541, at *23 (App. Feb. 28, 2002) ("Bona fide purchaser status is an affirmative defense.") (citing *Madison v. Gordon*, 39 S.W.3d 604, 605 (Tex. 2001)).

15.     Further, Plaintiff lacks standing to assert his claims against the Sullivans.  To establish standing the Court must be satisfied that "the plaintiff has alleged such a personal

stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction." *See Summers v. Earth Island Institute*, 555 U.S. 488, 493, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009). Standing requires that a plaintiff demonstrate the "irreducible constitutional minimum of standing," which is comprised of the following three elements: "First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical[.] Second, there must be a causal connection between the injury and the conduct complained of— the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court. Id. (internal quotation marks and citations omitted). Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Moore v. Bryant*, 853 F.3d 245 248-49 (5th Cir. 2017) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotations and citations omitted)).

16.     Here, Plaintiff no longer holds any interest in the Property, has not suffered any injury that could have resulted from, and has no personal stake in the outcome of his claim that the Sullivans acquired the Property subject to the IRS liens.  Therefore, he lacks standing to assert this claim.   Accordingly, the Plaintiff's single claim against the Sullivans is without merit and therefore the Sullivans were improperly joined.

**B.     The amount in controversy exceeds $75,000.00.**

**1.     <u>Plaintiff's request for declaratory relief exceeds $75,000.00.</u>**

17.     The amount in controversy exceeds the sum or value of $75,000.00.  In the Fifth Circuit, when declaratory or injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow.  *Webb v. Investacorp, Inc.* 89 F.3d 252, 256 (5th Cir. 1996).  Stated differently,

"the amount in controversy, in an action for declaratory and injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *see also Lamarr v. Chase Home Finance, LLC*, 2008 WL 4057301 (N.D. Miss. 2008) (finding amount in controversy requirement was satisfied where plaintiff sought to set aside foreclosure sale and home appraised for $83,000.00, plus unspecified amount of monetary damages); *Bank of America National Trust and Sav. Assoc. v. Reeves*, 1995 WL 96617, *1 (E.D. La. 1995) (court held that the amount in controversy was met in action seeking to enjoin foreclosure on property because the suit "puts at issue the entire value of the property on which they attempt to enjoin defendants from foreclosing.").

18.     Plaintiff seeks to declare that Defendants do not have standing to foreclose, that Plaintiff is entitled to a release of the deed of trust and a declaration that he and his wife are sole owners of the Property. (*Pl's Amd. Pet.* at pp 6-7.)   As a result, Plaintiff has put an amount in controversy equal to the value of the Property. The Tarrant County Central Appraisal District most recent valuation of the Property shows a total assessed value of the Property at $295,298.00.  (Exhibits C, C-1.)  For this reason alone, the amount in controversy exceeds $75,000.00.

19.     Defendants categorically deny that Plaintiff is entitled to an award of damages in any amount, but there can be no question that Plaintiff's Petition places an amount in controversy that significantly exceeds $75,000.00.

## **BASIS FOR REMOVAL: BANKRUPTCY JURISDICTION**

20.     Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. Sections 28 U.S.C. §§ 1452(a) and 1334 because this State Court Action is related to Plaintiff's Bankruptcy Case.

21.     In the alternative, this case is removable to federal court because the claims are "related to" the bankruptcy estate. "An action is 'related to' bankruptcy if the outcome could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankruptcy estate." *Edge Petroleum Operating Co. v. GPR Holdings, L.L.C. (In re TXNB Internal Case)*, 483 F.3d 292, 298 (5th Cir. 2007) (citing *Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746, 752 (5th Cir. 1995)).

22.     By his claims, Plaintiff seeks to declare as void the substitute trustee's deed. (*Pl's Amd. Pet.* at pp 11-12.).  Because the rights to Plaintiff's real estate is at stake, the outcome of Plaintiff's claims would have a significant effect on the bankruptcy estate.

## VENUE

23.     Venue for removal is proper in this district and division, the United States District Court for the Northern District of Texas, Fort Worth Division, under 28 U.S.C. Section 1441(a) because this district and division embrace the 96th District Court of Tarrant County, Texas, the forum in which the removed action was pending.

## NOTICE

24.     Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice is being filed with the Clerk of Court for 96th District Court of Tarrant County, Texas.

25.     The contents of Exhibit B constitute the entire file of Cause No. 096-295070-17 in the 96th District Court of Tarrant County, Texas.

## CONCLUSION

For the reasons described above, Defendants respectfully request that this Court take jurisdiction over this matter and proceed as if it had been originally filed herein.

Respectfully submitted,

By:   */s/ Philip W. Danaher*
      **MARK D. CRONENWETT**
      Texas Bar No. 00787303
      mcronenwett@mwzmlaw.com

      **PHILIP W. DANAHER**
      Texas Bar No. 24078395
      pdanaher@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANTS
FANNIE MAE AND SETERUS, INC.**

## <u>List of all Counsel of Record</u>

<u>*Pro se* Plaintiff:</u>

Cary A. Zolman
668 Bear Creek Drive
Hurst, Texas 76054

<u>For Defendants Seterus Inc. and Fannie Mae:</u>

Mark D. Cronenwett
Texas Bar No. 00787303
Phillip W. Danaher
Texas Bar No. 24078395
Mackie Wolf Zientz & Mann, P. C.
14160 North Dallas Parkway
Dallas, TX 75254
(214) 635-2650
(214) 635-2686 (Fax)

<u>For Defendants Mark Sullivan and Adrienne Sullivan:</u>

Craig C. Lesok
Texas Bar No. 24027446
226 Bailey Ave, Ste 101
Fort Worth, TX 76107
E-Mail: craig@lesoklaw.com
Tel. (817) 882-9991
Fax. (817) 882-9993

## INDEX OF DOCUMENTS ATTACHED

Exhibit A          Copy of the Docket Sheet for Cause No. 096-295070-17 in the 96th Judicial District Court, Tarrant County, Texas;

Exhibit B          Pleadings in Cause No. 096-295070-17 in the 96th Judicial District Court, Tarrant County, Texas;

    B-1          Plaintiff's Original Suit for Quiet Title, Trespass to Try Title and Declaratory Judgment, filed September 21, 2017

    B-2          Plaintiff's Service Request Form, filed September 21, 2017;

    B-3          Defendant's Original Answer, filed October 6, 2017;

    B-4          Notice of Hearing, filed October 20, 2017;

    B-5          First Amended Petition, filed on November 8, 2017;

    B-6          Return of Service Affidavit, filed on November 27, 2017;

    B-7          Original Answer, filed December 11, 2017

Exhibit C          Declaration of Philip W. Danaher;

    C-1          Print-out from the Tarrant County, Texas Central Appraisal District web-site on December 12, 2017; and

    C-2          Consent to Removal by Defendants Mark Sullivan and Adrienne Sullivan, signed on December 12, 2017

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was served in the on this 12th day of December, 2017, upon the following in the manner described:

***Via regular and certified U.S. Mail***
Cary A. Zolman
668 Bear Creek Drive
Hurst, Texas 76054

***Via ECF Notification***
Craig C. Lesok
226 Bailey Ave, Ste 101
Fort Worth, TX 76107
E-Mail: craig@lesoklaw.com
Tel. (817) 882-9991
Fax. (817) 882-9993

　　　　　　　　　　　　　　　*/s/ Philip W. Danaher*
　　　　　　　　　　　　　　　**PHILIP W. DANAHER**