IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CARY A. ZOLMAN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:17-cv-00989-O |
| § | |
| MARK SULLIVAN, et al., § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendants' Motion to Dismiss (ECF No. 9) with Brief (ECF No. 10) and Appendix (ECF No. 11) in Support, filed March 23, 2018. Plaintiff Cary Zolman ("Zolman") has not filed a response despite the Court notifying him of the deadline to respond and granting him two extensions. ECF Nos. 14, 16, and 18. On May 1, 2018, United States District Judge Reed O'Connor referred this Motion and all related responses, replies, briefs in support, appendices to the undersigned. ECF No. 13. Based upon a full review of the relevant pleadings on file and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendants' Motion to Dismiss (ECF. No. 9), and **DISMISS** Plaintiff's claims with prejudice.

**BACKGROUND**

On September 21, 2017, Zolman filed his Original Petition in the 96th Judicial District Court of Tarrant County, Texas. ECF Nos. 1-1 at 6; 1 at 1. Zolman then filed his First Amended Original Petition on November 8, 2017. ECF No. 1-1 at 31. On December 12, 2017, Defendants Federal National Mortgage Association and Seterus, Inc. timely removed the suit to this Court. ECF No. 1. Zolman's claims are based on the alleged wrongful foreclosure sale of his property located at 668 Bear Creek Drive, Hurst, Texas 76054 (the "Property"). *Id.* at 32.

Zolman filed his First Amended Original Petition against Defendants Mark Sullivan, Adrienne Sullivan (the "Sullivans"), Federal National Mortgage Association ("Fannie Mae"), and Seterus, Inc. ("Seterus") (collectively, the "Defendants"), alleging that: (1) The Atterstrom Consulting Group ("Atterstrom") was not licensed to be a lender in Texas; (2) Defendant Fannie Mae had no standing to foreclose on his property; (3) the Sullivans are not bona fide purchasers; (4) the Defendants are guilty of fraud and wrongful foreclosure; (5) the Defendants are guilty of unjust enrichment; and (6) Zolman is entitled to a declaratory judgment from the Court that he is the "sole owner of the property and title is vested in him and his wife." ECF No. 1-1 at 31–42.

Defendants filed the instant Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal of Zolman's claims based on failure to state a claim. ECF No. 11. In their Motion to Dismiss, Defendants argue that Zolman's claims fail as a matter of law. ECF No. 10. On May 2, 2018, the undersigned ordered Zolman to respond to Defendants' Motion by May 16, 2018. ECF No. 14. On June 17, 2018, Zolman filed a notice with the Court indicating that he never received a copy of Defendants' Motion, and the Court extended his deadline to respond until June 11, 2018. ECF Nos. 15–16. On June 14, 2018, Zolman filed another notice with the Court indicating that he was still unable to access Defendants' Motion. ECF No. 17. The Court subsequently extended his deadline to respond until June 29, 2018, and directed the Clerk of Court to mail a copy of Defendants' Motion and Brief by registered or certified mail to him. ECF No. 18. As of today's date, Zolman has not responded to Defendants' Motion to Dismiss.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. The Rules require that each complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise

a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A court ruling on a Rule 12(b)(6) motion may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). Federal courts should decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit has ordered that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548–49 (N.D. Tex. 2014) (Boyle, J.) (dismissing for failure to state a claim without

3

prejudice, as dismissing with prejudice would be "too harsh a sanction"); *Parker v. Allstate Ins. Co.*, 3:16-CV-00892-CWR-FKB, 2017 WL 4287912, at *1 (S.D. Miss. Sept. 27, 2017) ("It is well-established that plaintiffs who fail to meet their burden on a motion for judgment on the pleadings and yet may still have a viable avenue to recover should be granted leave to amend their complaint and make their best case." (citation omitted)).

## ANALYSIS

**I.   Zolman did not sufficiently plead his claim concerning The Atterstrom Consulting Group.**

Zolman contends that Atterstrom had no license to be a lender in Texas, and thus violated Chapter 13 of the Texas Finance Code in loaning him money to purchase the Property. ECF No. 1-1 at 35. Defendants argue that "Plaintiff fails to identify what provision of the Texas Finance Code Chapter 13 was allegedly violated . . . [and] fails to allege any facts that would entitle him to bring a private right of action under Texas Finance Code Chapter 13 or any other provision of the Texas Finance Code relating to the licensing requirements of a mortgage loan originator." *Id.* The undersigned agrees. Zolman's pleadings do not satisfy the "plain language" requirements of Federal Rule of Civil Procedure 8(a)(2). They fail to allege a claim for violation of the Texas Finance Code because Zolman does not allege which provision of the Finance Code was violated, and therefore, does not afford "fair notice" to the Defendants of his claims and the grounds upon which they rest. *See Hand v. Ocwen Loan Servicing, LLC*, No. SA-15-CA-805-OLG, 2015 WL 12516229, at *8 (W.D. Tex. Nov. 25, 2015). Thus, Zolman's claim on this ground should be dismissed.

**II.   Defendant Fannie Mae had standing to foreclose on the Property.**

Zolman argues that Defendant Fannie Mae had no standing to foreclose on the Property because the assignments of his loan do not mention the promissory note that he signed in

connection with the loan. ECF 1-1 at 36. Defendants argue that these claims fail under Texas law. ECF No. 10 at 4. In support of their Motion, Defendants included the affidavit of Bryan Wilson ("Wilson"), a Legal Mediation Specialist at Seterus. ECF No. 11-1 at 2. In the affidavit, Wilson states that on May 18, 2007, Zolman executed a Note in the amount of $279,800 payable to Atterstrom and secured payment of the Note by executing a Deed of Trust that granted Mortgage Eletronic Registration Systems, Inc. ("MERS"), as nominee for Atterstrom, its successors and assigns, a lien on the Property. *Id.* at 3. The loan was then assigned to JPMorgan Chase Bank, NA ("JPMC") on December 9, 2011, and thereafter, JPMC assigned the loan to Fannie Mae. *Id.* at 3. Seterus serviced the loan on behalf of Fannie Mae. *Id.*

Here, Zolman appears to argue that Defendant Fannie Mae was not the holder of the note, and thus had no standing to foreclose on the Property. ECF No. 1-1 at 37. However, in Texas, either a mortgagee or a mortgage servicer may foreclose on property. Tex. Prop.Code § 51.0025. A mortgagee is defined as: "(A) the grantee, beneficiary, owner, or holder of a security instrument; (B) a book entry system; or (C) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." Tex. Prop. Code § 51.0001(4). Thus, Defendant Fannie Mae is entitled to foreclose on the Property.

Further, Zolman points to no provision of the Texas Property Code that requires a mortgagee or mortgage servicer to produce the original promissory note or deed of trust before conducting a non-judicial foreclosure. *See* Tex. Prop.Code § 51.002(a)–(h) (setting forth requirements for non judicial foreclosure in Texas, which do not include producing original note); *see also Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253 (5th Cir. 2013). Courts have recognized that either a mortgagee or a mortgage servicer can administer a deed of trust foreclosure without production of the original note. *See Preston v. Seterus, Inc.,* No. 3:12–CV–

5

2395–L, 2013 WL 1091272, at *14 (N.D. Tex. Mar.15, 2013) ("the entity administering the foreclosure does not necessarily have to be the owner or holder of the security instrument because the Texas Property Code contemplates that someone other than the holder of the original note may lawfully foreclose on the security interest."); *Coleman v. Bank of America, N.A.,* No. 3–11–CV–0430–GBD, 2011 WL 2516169, at *2 (N.D. Tex. May 27, 2011), *rec. adopted,* 2011 WL 2516668 (N.D. Tex. June 22, 2011); *Sawyer v. MERS,* No. 3:09–CV–2303–K, 2010 WL 996768, at *3 (N.D. Tex. Feb.1, 2010) (holding that a mortgage servicer is not required to prove it is the "holder" of the note and deed of trust, or to produce the original loan documents). Thus, Zolman's claims that Defendant Fannie Mae did not have standing to foreclose on the Property because it did not purportedly produce the note, fails as a matter of law and should be dismissed.

### III.    Defendants Mark and Adrienne Sullivan are bona fide purchasers.

Further, Zolman claims that the Sullivans are not bona fide purchases because they knew or should have known of the IRS liens that encumbered the Property. ECF No. 1-1 at 37. Defendants argue that the Sullivans took the lien in good faith for valuable consideration without notice of the equitable claims of third parties, and thus took title free of such claims. ECF No. 10 at 6–7 (citing *Moran v. Adler*, 570 S.W.2d 883, 885 (Tex. 1978)). Specifically, Defendants argue that Zolman has failed to plead that the Sullivans had knowledge or notice of any claim and thus, his claims that the Sullivans are not bona fide purchasers fails as a matter of law. *Id.* at 7.

Bona fide purchasers must acquire property in good faith, for value, and without notice of any third party claim or interest. *Madison v. Gordon,* 39 S.W.3d 604, 606 (Tex. 2001). Notice may be constructive or actual. *Flack v. First Nat'l Bank,* 148 Tex. 495, 499, 226 S.W.2d 628, 631 (Tex. 1950); *Am. Surety Co. v. Bache,* 82 S.W.2d 181, 183 (Tex. Civ. App.—Fort Worth 1935, writ ref'd). Actual notice rests on personal knowledge. *Flack,* 226 S.W.2d at 631. In contrast, under

certain circumstances, the law imputes constructive notice to a person not having personal knowledge. *Id.* at 632. Here, Zolman argues that the Sullivans knew of should have known the Property was encumbered because all "liens are a matter of public record." ECF No. 1-1 at 37. Defendants argue that Zolman lacks standing to dispute the Sullivans' status as bona fide purchasers. ECF No. 10 at 7. The undersigned agrees. Generally, a party lacks standing to attack the validity of any assignment of a note when he or she was not a party to the assignment. *Willeford v. Wells Fargo Bank, N.A.*, 2012 WL 2864499, at *2 (N.D. Tex. July 12, 2012) (courts have consistently held borrowers do not have standing to challenge assignment of their mortgages because they are not parties to those assignments); *Metcalf v. Deutsche Bank Nat'l. Trust Co.*, 2012 WL 2399369, at *5 (N.D. Tex. Jun. 26, 2012) ("Courts in this circuit have repeatedly held that borrowers do not have standing to challenge the assignments of their mortgages because they are not parties to those assignments"). In this case, Zolman was not a party to the assignments, and therefore does not have standing to challenge the Sullivans' status as bona fide purchasers. Accordingly, Zolman's claim should be dismissed on this ground.

**IV.     Zolman's pleadings fail to establish fraud and wrongful foreclosure.**

Zolman contends that the foreclosure is void because the "trustee was not appointed by an entity which held the right to foreclosure," the "trustee did not sell the Property at foreclosure," and Zolman was not given enough time to cure the default as required under the Texas Property Code. ECF No. 1-1 at 38. In response, Defendants argue that Zolman has not sufficiently pleaded fraud. As Defendants argue, in order to state a claim for fraud under Texas law, a plaintiff must allege facts showing: (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation

with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011) (quotation omitted).

Moreover, Federal Rule of Civil Procedure Rule 9(b) requires that "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quotation omitted). "Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out." *Id.* (quotation omitted).

Here, Zolman's pleadings are not sufficient to state a claim against Defendants for common law fraud under Texas law or under the Federal Rules of Civil Procedure, as the claims are conclusory and do not explain "the who, what, when, where, and how" of the alleged fraud. *See Benchmark Elecs.*, 343 F.3d at 724. Because common law fraud claims must be alleged with greater factual particularity, Zolman's claims should be dismissed on this ground.

Zolman also contends that he did not receive proper notice of the foreclosure, and thus brings a claim for wrongful foreclosure of the Property. ECF No. 1-1 at 38. Defendants argue that on July 27, 2017, Fannie Mae, through its attorneys, mailed Zolman the Notice of Acceleration and Notice of Non-Judicial Foreclosure Sale indicating that his promissory note had been accelerated and that the sale would take place on September 5, 2017. ECF No. 11 at 10. Under Texas law, if a power of sale under a security instrument is invoked, notice to the borrower of the time and place of the foreclosure sale must also be provided at least twenty-one days prior to the date designated for the sale. Tex. Prop. Code § 51.002(b). Here, Defendant Fannie Mae mailed

notice to Zolman forty days before the foreclosure sale took place, and thus is not in violation of the Texas Property Code. Zolman's argument that the notice is void because it was sent by Defendant Fannie Mae, rather than Seterus, lacks merit because the Texas Property Code does not require that notice only be sent by the servicer. *See id.*

Furthermore, Zolman has failed to respond to Defendant's Motion to Dismiss. Because "Plaintiff failed to address Defendant's arguments in a response, he has abandoned his wrongful foreclosure claim." *Brackens v. Ocwen Loan Serv., L.L.C.*, No. 3:13-CV-3458-L, 2015 WL 1808541, at *4 (N.D. Tex. Apr. 21, 2015) (citing *Black v. North Panola Sch. Dist.,* 461 F.3d 584, 588 n. 1 (5th Cir. 2006)). Accordingly, Zolman's wrongful foreclosure claim should be dismissed on this ground.

### V.     Zolman's claims for unjust enrichment fail as a matter of law.

Zolman claims for unjust enrichment because he "has been ready, willing and able to pay the Noteholder in full upon presentation of the original Note" and that he will "buy the Note back on the spot." ECF No. 1-1 at 39. Defendants argue that his claim for unjust enrichment fails as a matter of law. The undersigned agrees.

Under Texas law, a claim for unjust enrichment lies when one has obtained a benefit from another by fraud, duress, or the taking of an undue advantage. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550 (5th Cir. 2010) (citing *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992)). This theory "characterize[s] the result of the [Defendants'] failure to make restitution of benefits under such circumstances as to give rise to an implied or quasi-contract to repay." *Coleman v. Bank of New York Mellon*, 969 F.Supp.2d 736, 753 (N.D. Tex. 2013) (citations omitted)."The general rule . . . is well settled and has been applied in many cases to foreclose quasi-contractual claims like unjust enrichment and promissory estoppel where an express contract

9

governed the parties' dispute." *Kiewit Offshore Servs., Ltd. v. Dresser-Rand Global Servs., Inc.,* Civ. Action No. H-15-1299, 2016 WL 4564472, at *19 (S.D. Tex. Sept. 1, 2016) (citing *Williams v. Colonial Bank, N.A.*, 199 Fed.Appx. 399, 403 (5th Cir. 2006); *Jhaver v. Zapata Off-Shore Co.,* 903 F.2d 381, 385 (5th Cir. 1990).

Defendants argue that Zolman's unjust enrichment claims fail because the relationship between Zolman and Defendants is governed by a contract, namely the note and deed of trust, assigned to Fannie Mae. ECF Nos. 11 at 8; 1-1 at 3. Further, Zolman's Amended Petition fails to state how the Defendants were unjustly enriched and why Zolman is entitled to restitution. ECF No. 1-1 at 39. Thus, Zolman's claims for unjust enrichment should be dismissed.

**VI.   Zolman is not entitled to declaratory judgment.**

Zolman requests that the Court "declare that Defendants have engaged in wrongful foreclosure," and that "Plaintiff is the rightful owner of the [Property]." ECF No. 1-1 at 40. In response, Defendants argue that Plaintiff is not entitled to declaratory judgment because he failed to bring forth a valid underlying claim. ECF No. 11 at 9. As Defendants argue, a declaratory judgment claim does not create any substantive rights or causes of action, but instead is merely a procedural device. *Carter v. Bank of Am., N.A.,* No. 3:12–CV–4550–B, 2013 WL 1482610, at *3 (N.D.Tex. Apr.9, 2013). A declaratory judgment action requires the parties to litigate some underlying claim or cause of action. A declaratory judgment is not itself a cause of action, only a form of relief the court may grant. *See Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN)*, 915 F.2d 167, 171 (5th Cir. 1990). Because Zolman has failed to allege any valid claims against Defendants, his claims for declaratory relief should be dismissed. *See Lindsey v. Ocwen Loan Servicing, LLC,* 3:10-CV-967-L, 2011 WL 2550833, at *6 (N.D. Tex. June 27, 2011).

### VII.    Zolman's claims should be dismissed with prejudice.

As noted above, Zolman has not filed a response to Defendants' Motion to Dismiss or sought leave to amend his complaint in light of the issues raised by Defendants in their Motion. The undersigned therefore determines that Zolman is unwilling or unable to amend his complaint in a manner that will avoid dismissal, and thus dismissal with prejudice is appropriate in this case. *See Rodriguez v. United States,* 66 F.3d 95, 97 (5th Cir.1995) (affirming dismissal with prejudice after lengthy pendency of case which provided plaintiff ample opportunity to amend complaint); *see also Cruz v. CitiMortgage, Inc.,* No. 3:11–CV–2871–L, 2012 WL 1836095, at *7 (N.D. Tex. May 21, 2012) (concluding plaintiffs had pleaded their best case where they did not file response to motion to dismiss or request to amend their pleadings). Furthermore, because Zolman did not file a response to Defendants' Motion or request to amend his pleadings, the undersigned concludes that Zolman has already pleaded his best case. *See Jacquez v. Procunier,* 801 F.2d 789, 792 (5th Cir.1986) ("At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit."); *See also Biggers v. BAC Home loans Servicing, LP*, 767 F. Supp. 2d 725, 735 (N.D. Tex. 2011) (plaintiffs were not allowed to replead their claims where they twice failed to respond to the defendant's motions to dismiss).

Zolman has had two opportunities to respond to the Motion to Dismiss following the original deadline to respond. He has had ample time to seek leave to amend his Amended Petition. He has failed to respond and has not sought leave to file an amended complaint that would address any of the deficiencies noted by the Defendants. Based on Zolman's inaction in the face of the Defendants' legal arguments, the undersigned concludes that permitting him to amend his pleadings would be a futile gesture that the law does not require. *See Stripling v. Jordan Prod. Co.,*

*LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000) ("It is within the district court's discretion to deny a motion to amend if it is futile."); *see also Walker v. JPMorgan Chase, N.A.*, No. 3:12-CV-4133-L, 2012 WL 6208418, at *4 (N.D. Tex. Dec. 13, 2012) (finding that any further amendments would be "futile and unnecessarily delay the resolution of [the] action."). Thus, Zolman's claims should be dismissed with prejudice.

## CONCLUSION

In light of Plaintiff's failure to respond to this Court's orders and having reviewed the record before it, the undersigned recommends that Defendants' Motion to Dismiss (ECF No. 9) should be **GRANTED**, and that Plaintiff's claims be **DISMISSED** with prejudice.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed July 11, 2018.

                                                                                     _____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE